2:25-CV-942-SPC-DNF

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

Fort Myers Division

Jonathan W. Sparks,

Plaintiff,

v.

Experian, PLC, and Experian Information Solutions, Inc.

Defendants.

)

)

)

)

) Civil Action No. _____Jury Trial Demanded

Permanent Injunctive

Relief Requested

1

**COMPLAINT**

Plaintiff Jonathan W. Sparks alleges as follows:

**The Parties**

1. At all times herein after mentioned, plaintiff is and was a resident of Naples, Florida.

2. Upon information and belief, at all times relevant herein, Defendant, Experian, PLC is and was a foreign corporation originally organized in the Channel Islands with a U.S. headquarters located at 475 Anton Boulevard, Costa Mesa, California 92626.

3. Upon information and belief, at all times relevant herein, Defendant Experian PLC operates a subsidiary named Experian Information Solutions, Inc., in the United States including the state of Florida. (These defendants specified in paragraphs 1 and 2 herein, are collectively referred to as "Experian")

4. Defendant, Experian, conducts business in all fifty states of the United States including the state of Florida.

## Jurisdiction

5. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681 et seq., the "Fair Credit Reporting Act (FCRA) and 15 U.S.C. §§ 1692-1692p, the "Fair Debt Collection Practices Act."

## Venue

6. Venue is appropriate pursuant to 28U.S.C. § 1391

## Defendant's Statutory Violations

7. Experian is credit rating agency as that term is defined by the FCRA and as such is subject to the jurisdiction of the Act.

8. Plaintiff has historically had a consistently excellent credit history with commensurate excellent credit ratings.

9. On or about April 4, 2025, Experian reduced the plaintiff's credit rating from 813 ("Excellent") to 775 ("Good"). No basis was enumerated by Experian for the substantial credit downgrade. No credit event (loan delinquency, late payment, new credit application, etc.) occurred that plaintiff could discern which might cause a 38 point reduction in plaintiff's credit rating with Experian.

10. A 38 point reduction in a credit rating is substantial and consequential and could be attributed to missed payments, late payments, erroneous reporting or even identity theft. Once plaintiff learned of the substantial downgrade, plaintiff requested clarification or an explanation online through Experian's website. Additionally, on or about May 18, May 24 and June 16 of 2025, plaintiff wrote to Experian and asked for an explanation for the 38 point reduction in plaintiff's credit rating. This credit downgrade event was particularly troublesome to plaintiff because plaintiff was contemplating the purchase of additional real estate which would involve bank loan applications for a new mortgage.

11. In response Experian (who is statutorily required to conduct and respond to credit review requests with due diligence) initially stated that their review had been completed but the results were not available online. Plaintiff then called the Experian's customer service number (contained in the email response from the Experian on several occasions. Unfortunately, these calls only resulted in an endless loop of automated telephone menu options and despite repeated efforts plaintiff was unable to reach or speak with an actual person who might provide and explain the so called "results" from Experian's review.

12. Ultimately, on or about July 5, 2025 (well beyond the 30 day period permitted for Experian to respond as set forth in the FCRA), plaintiff received a form letter

from the Experian which stated, "...we were unable to honor your request or a portion of it based on the limited amount of information regarding your dispute." The letter then invited the plaintiff to submit additional information.

13. Experian's response presents a problem because it plainly fails to address the plaintiff's first inquiry, i.e., explain the reason or basis for the substantial credit downgrade. No explanation has ever been proffered and apparently, Experian maintains that it can make substantial and consequential reductions to a personal credit score without providing any explanation or an opportunity to contest the credit assessment (despite the statutory requirements contained in the FCRA which dictate to the contrary). Experian's inexplicable posture puts the plaintiff in the impossible position of contesting an event based on information exclusively within Experian's possession, that Experian will not provide and which the plaintiff cannot discern or otherwise obtain.

14. Experian's refusal to provide the real basis for the credit downgrade is compounded by the fact that Experian clearly has erroneous information (on information and belief, due to a computer malfunction, website malfunction or misinformation) as it relates to the Plaintiff. For example, once logged into plaintiff's account on the Experian website it displays the credit ratings from the two additional consumer credit agencies (TransUnion and Equifax) and <u>both</u>

scores posted by Experian for the plaintiff from the other two rating agencies are incorrect.

15. As of August 18, 2025 (and for at least 4 months prior), Experian's website displays the plaintiff's credit rating at Equifax and TransUnion as 785 and 774 respectively. In fact, the Plaintiff's credit rating was 802 and 802 respectively.

16. As of October 7, 2025, (and for at least 6 months prior), Experian displayed on their website that the plaintiff's credit rating with Equifax was 785 and with TransUnion 774 when in reality plaintiff's credit rating with those agencies is in fact substantially higher, i.e., 811 at both of the other credit rating agencies.

17. Upon information and belief, Experian has reported plaintiff's erroneous credit rating to third party creditors.

18. Plaintiff had enjoyed an excellent credit rating (800 or better) with Experian for many, many years. Experian clearly has errors and/or misinformation relating to the plaintiff as evidenced by Experian's erroneous reporting of plaintiff's credit information from other credit agencies on the Experian website.

19. Experian has now been given ample opportunity to review and address any errors in the calculation of plaintiff's credit score. Experian has engaged in a repeated, blanket refusal to provide any explanation for the substantial credit

reduction it made on April 4 of 2025. The FCRA requires Experian to use accurate information in the calculation of the plaintiff's credit rating and to conduct a thorough and fair review if a consumer makes an inquiry about the rating. The misinformation contained on Experian's website demonstrates that the Experian is not using accurate information regarding the plaintiff. Moreover, the repeated refusal to address and explain the credit downgrade (which could initially have been a computer error, fraud or other erroneous information) has now evolved into sustained and intentional conduct which Experian continues to refuse to address over a substantial period of time.

**Prayer for Relief**

20. WHERFORE,

Plaintiff seeks a reasonable and fair judgment against Experian for willful noncompliance of the Fair Credit Reporting Act and seeks his statutory remedies as defined by 15 U.S.C. § 1681n and demands:

$35,000 for actual damages;

$5,000,000 in punitive damages;

A permanent injunction against the Defendant from including erroneous information into Plaintiff's credit scoring and compelling Defendant to provide an explanation for the present and any future substantial and consequential credit changes;

Any further relief which the court may deem just and appropriate.

Respectfully Submitted,

Jonathan W. Sparks
Plaintiff, Pro Se
6286 Lightbourn Way
Naples, Florida 34113
(310) 595-4404
Jsparksesq@Gmail.com